IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FRANCES ELIZABETH HUMPHREYS, Petitioner, vs. UNITED STATES OF AMERICA, Respondent. | ORDER AND MEMORANDUM DECISION Case No. 2:04 CV 1077 TC |

Frances Elizabeth Humphreys has filed a petition to set aside her sentence pursuant to 28 U.S.C. § 2255.  She contends that she received ineffective assistance of counsel.

For the reasons set forth below, Ms. Humphreys' petition is DENIED.[1]

**Procedural Background**

Following a jury trial, Ms. Humphreys was convicted of aiding and abetting in the attempted manufacture of methamphetamine and three counts of possession of listed chemicals, knowing that they would be used in the manufacture of methamphetamine.  (Case No. 2:03 CR 215, Verdict, Dkt. No. 51).  The court sentenced Ms. Humphreys to ninety-seven months in custody, followed by thirty-six months of supervision.  (Id., Dkt. No. 72).

Ms. Humphreys did not file an appeal.

---

[1]Because the petition and the record show conclusively that Ms Humphreys is not entitled to relief, there will not be a hearing.  Similarly, the court denies Ms. Humphreys' motion to have counsel appointed for her.

**Analysis**

Reading Mr. Humphreys' *pro se* petition liberally, it appears that Ms. Humphreys alleges that her counsel was ineffective for the following reasons: (1) her trial attorney did not present a "designation order" that would establish that the Special Assistant United States Attorney was authorized to try Ms. Humphreys' case; (2) the search of Ms. Humphreys' home was illegal because her consent was not voluntary; and (3) trial counsel failed to request a copy of a taped conversation between Ms. Humphreys' grandson and law enforcement which, according to Ms. Humphreys, would have shown that there was no probable cause to be at Ms. Humphreys' home.

Ineffective Assistance of Counsel.

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000), cert. denied, 531 U.S. 1128 (2001) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  The standard applies to sentencing proceedings and plea hearings as well as at trial.  U.S. v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996).  To succeed on the deficiency prong, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." James, 211 F.3d at 555 (citing Strickland, 466 U.S. at 689).  "Judicial scrutiny of counsel's performance is highly deferential."  Id.  To succeed on the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption.  James, 211 F.3d at 555.

1.      Designation of Counsel

Colleen Coebergh, the Special Assistant United States Attorney, was a "cross-designated special assistant United States Attorney." That means that although Ms. Coebergh was an employee of the state of Utah, pursuant to an agreement with the U. S. Attorney's Office, she was authorized to try cases on behalf of the United States. Ms. Humphreys has pointed to no evidence that would show that Ms. Coebergh was not so authorized. The court notes that Ms. Coebergh has appeared in this federal court on behalf of the United States for several years. Accordingly, Ms. Humphreys' argument is without support or merit.

2. Illegal Search

Ms. Humphreys contends that she consented to the search of her home only because the officers told her that her home would be torn apart and she would not be a "happy camper." (Case No. 2:04 CV 1077, Humphrey Pet., Dkt. No. 1) Other than her conclusory statement, unsupported by affidavit or any other materials, she provides no support for her claim that the search was not voluntary and was in violation of the Fourth Amendment. This evidence is simply not sufficient. It is also doubtful that that allegation, if supported by evidence, would be sufficient to render the search unconstitutional. There is no evidence in the record that the police officers were abusive, used physical force, or in any way did anything improper. Accordingly, Ms. Humphreys' claim is not persuasive and does not show ineffective assistance of counsel.

3. 911 Tape

According to Ms. Humphreys, her counsel was ineffective because he failed to request a copy of the 911 tape that brought the police officers to her home. But, as discussed above, because the search was done pursuant to consent, the question of this evidence seems irrelevant.

Accordingly, it appears clear that counsel's performance was not deficient in his failure to obtain and present the 911 tape because the 911 tape would not have revealed exculpatory evidence

For the above reasons, Ms. Humphreys' petition is DENIED.

DATED this 2nd day of June, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge